IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY GODWIN, # 208488, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv604-WKW |
| ) | (WO) |
| LEON FORNISS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Danny Godwin ("Godwin") on June 12, 2014.  Doc. No. 1.[1] Godwin presents claims challenging his 2008 conviction for sexual abuse and the 25-year sentence imposed pursuant to his guilty plea in the Russell County Circuit Court.  The respondents contend that Godwin's petition is time-barred by the one-year federal limitation period for § 2254 petitions. After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Godwin's petition should be denied as untimely.

**II.  DISCUSSION**

**A.  AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  *1.*  ***State Court Proceedings***

  On May 20, 2008, Godwin pled guilty in the Russell County Circuit Court to sexual abuse of a child under 12 years of age, in violation of § 13A-6-69.1, Ala. Code 1975.  Doc. No. 12-1 at 41; Doc. No. 12-4 at 1.  On that same date, the trial court sentenced Godwin, as an habitual offender, to 25 years' imprisonment.  *Id*.  Godwin did not appeal.

  On March 3, 2013, Godwin filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* Doc. No. 12-1 at 38.  On May 2, 2013, the trial court entered a written order denying the Rule 32 petition.  *Id*. at 47.  Godwin appealed, and on December 13, 2013, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of his Rule 32 petition.  Doc. Nos. 12-2

and 12-4.  The Alabama Court of Criminal Appeals issued a certificate of judgment on January 2, 2014.  Doc. No. 12-5.  On January 30, 2014, that court issued an order striking as untimely an application for rehearing filed by Godwin.  Doc. No. 12-6.

### *2.  Analysis of Timeliness under AEDPA*

Because Godwin filed no direct appeal, his conviction became final for purposes of federal habeas review on July 1, 2008, i.e., 42 days after his May 20, 2008, sentencing.  When a state prisoner pursues no direct appeal, his conviction is final under 28 U.S.C. § 2244(d)(1)(A) when the time lapses under state law to have filed a timely appeal, which in Alabama is 42 days. *McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009); *see also* Ala.R.App.P. 4(b)(1).  The one-year federal limitation period for Godwin to file a § 2254 petition therefore commenced on July 1, 2008.  *See* 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, Godwin had until July 1, 2009, to file his § 2254 petition with this court.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  28 U.S.C. § 2244(d)(2).  Godwin filed a state Rule 32 petition on March 3, 2013.  However, that filing (and the subsequent related state-court proceedings) had no tolling effect under § 2244(d)(2), because the filing occurred after expiration of the federal limitation period, which ran unabated for one year after July 1, 2008, before expiring on July 1, 2009.  *See, e.g., Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a Rule 32 petition can have no tolling effect under § 2244(d)(2) if the one-year federal limitation period has expired before the Rule 32 petition is filed in the state trial court).

3

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Godwin such that the federal limitation period commenced on some date later than July 1, 2008. There is no evidence that any unconstitutional or illegal State action impeded Godwin from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Godwin presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Godwin submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

## B. Equitable Tolling

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Godwin argues he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond the limitation period should be excused – because he "has continually been subjected to filing litigation pro se without the assistance of learned counsel" (Doc. No. 14 at 1), he misunderstood the law regarding the time limit for filing post-conviction petitions (*id*. at 2), and he was forced to "rely on the limited expertise of 'jail-house lawyers'" in filing his post-conviction petitions (*id*. at 3). None of these grounds, however, entitles Godwin to equitable tolling. A

petitioner's *pro se* status, his ignorance of the law, and his lack of legal assistance are insufficient grounds on which to equitably toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"). Further, erroneous advice or inadequate assistance from an inmate law clerk does not absolve a petitioner of the responsibility to comply with procedural rules and the law. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990); *Marsh v.* Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998) ("It is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief.... Inmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless.").

Godwin does not demonstrate his entitlement to equitable tolling. He filed his § 2254 petition on June 12, 2014, well over four years after expiration of the federal limitation period in § 2244(d). Because he failed to file his petition within the limitation period, his petition is time-barred and due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with

prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before July 13, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 29th day of June, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge